IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACON EVERSOLE, | § § § § § § § § § § | |
| PLAINTIFF, | | |
| v. | | CIVIL ACTION NO. |
| WAL-MART STORES TEXAS, LLC., | | |
| DEFENDANT. | | |

## COMPLAINT

Plaintiff, JACOB EVERSOLE ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, WAL-MART STORES TEXAS, LLC. ("Defendant"), alleging as follows:

## INTRODUCTION

1. This is a proceeding for damages to remedy discrimination on the basis of handicap affecting the terms, conditions and privileges of employment and to redress the deprivation of rights secured to Plaintiff by the Americans With Disabilities Act of 1990, 42 U.S.C. § 12112 et. seq. ("ADA").

## JURISDICTION

2. Jurisdiction is invoked pursuant to the ADA.

## VENUE

3. The claims asserted herein arose in this judicial district.

## PARTIES

4. At all times material hereto, the Plaintiff was a male citizen of the United States,

1

resident of this judicial district and an employee or former employee of the Defendant.

5. At all times material hereto, the Defendant was a foreign corporation authorized to do business and services in this judicial district, was the employer or former employer of the Plaintiff, and is an employer as defined by the ADA.

6. The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action pursuant to the ADA, receiving a Right-to-Sue letter on August 15, 2022.

## STATEMENT OF FACTS

7. The Plaintiff was an employee of the Defendant's location at 121 Highway 332 W in Lake Jackson, hired on July 26, 2021, at 18 years old.

8. Plaintiff suffers from autism, which his mother informed the Plaintiff's manager of upon hire.

9. Initially there were no issues with his employment, however towards the end of August of 2021, Plaintiff was trying to assist a young girl in the children's department before being approached by the girl's father, who wanted to assault Plaintiff.

10. Despite Plaintiff doing nothing wrong other than being threatened, Plaintiff was then removed from the toy section and transferred to the Home Goods department.

11. Along with this transfer, Plaintiff's hours were cut significantly, and he was specifically informed that he could not have long conversations with other associates or customers.

12. This instruction completely attacked Plaintiff's disability, as being autistic often results in repetitive communications and over-focusing on particular interests.

13. If Plaintiff also became "upset", a standard trait for someone suffering from autism, he would immediately be sent home.

14. Plaintiff was then sent home for discussing a video game that involved guns with a co-worker (while the co-worker who took part in the conversation was not sent home).,

15. This prompted Defendant to then open up an investigation; one which the Defendant refused to permit the Plaintiff's mother take part in over Plaintiff's requests.

16. The police were even sent to Plaintiff's home, and Plaintiff was not permitted to work during the investigation, effectively ending his employment.

## COUNT I
## AMERICANS WITH DISABILITIES ACT OF 1990

Plaintiff incorporates by reference paragraphs 1 through 16 herein and states as follows:

17. The Defendant has discriminated against the Plaintiff in the terms and conditions of his employment, and has denied the Plaintiff employment because of his handicap.

18. The unlawful discriminatory practices by the Defendant and its agents, as set forth herein, violates The Americans With Disabilities Act of 1990.

19. As a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has and will continue to suffer damages.

WHEREFORE, the Plaintiff, JACOB EVERSOLE, requests that judgment be entered against the Defendant, WAL-MART STORES TEXAS, LLC, for all damages recoverable under the Americans With Disabilities Act of 1990, as adopted from Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: November 10, 2022.	Respectfully submitted,

                                              Law Offices of Levy & Levy, P.A.
                                              325 N. Saint Paul Street
                                              Suite 3100
                                              Dallas, Texas 75201
                                              Telephone: (954) 763-5722
                                              Facsimile: (954) 763-5723
                                              Email: chad@levylevylaw.com
                                              Service Email: assistant@levylevylaw.com
                                              *Counsel for Plaintiff*

                                              */s/ Chad Levy*
                                              CHAD E. LEVY, ESQ.
                                              T.B.N.: 24117779